UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-CR-20550-MOORE/DAMIAN

UNITED STATES OF AMERICA,

v.

CEDRIC REETERS

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

THIS MATTER came before the Court for a final revocation hearing on September 25, 2023, upon a Petition for Warrant or Summons for Offender Under Supervision, dated July 19, 2023, as to Defendant Cedric Reeters. [ECF No. 32 (the "Petition")].[1]

Defendant was originally convicted of possession of a firearm and ammunition by a convicted felon and possession with intent to distribute cocaine base in October 2007. [ECF No. 21]. He was released from prison and commenced supervision on March 7, 2022. On July 20, 2023, the Court issued a probation arrest warrant for Defendant based on a Petition from the United States Probation Office alleging that Defendant violated the requirements of supervised release. [ECF No. 33].

Defendant was arrested on July 25, 2023, in the Middle District of Florida and has remained in custody through his initial appearance in this District on August 18, 2023, when

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. [ECF No. 37].

the Federal Public Defender was appointed to represent him. [ECF No. 40]. The undersigned conducted the revocation hearing on September 25, 2023 [ECF No. 44].

The charged violations are as follows:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 11, 2023, in Brevard County, Florida, the defendant committed the offense of Unnatural and Lascivious Act, contrary to Florida Statute 800.02.

2. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 11, 2023, in Brevard County, Florida, the defendant committed the offense of Exposure of Sexual Organs, contrary to Florida Statute 800.03.

3. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 11, 2023, in Brevard County, Florida, the defendant committed the offense of Battery/Touch or Strike, contrary to Florida Statute 784.03(1)(a)1.

All parties appeared at the hearing prepared to proceed, including the alleged victim witness on behalf of the Government. However, at the start of the hearing, Defendant indicated his intention to admit to violation 3, as alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to Title 18, United States Code, Section 3583(b)(1), is a term of up to 60 months of imprisonment, followed by supervised release of up to 5 years. Defendant acknowledged that he understands the Sentencing Guidelines and has discussed with his attorney the applicable guidelines range and the maximum penalties.

Defendant and the Government agreed that the Government would seek dismissal of violations 1 and 2 and that the Government would recommend that Defendant be sentenced

at the low end of the guideline range as to imprisonment and that the Court impose a term of supervised release of up to three (3) years. Defendant acknowledged that he understood that although the Government was agreeing to make these recommendations, there was no guarantee that the District Judge would follow them.

Accordingly, it is the recommendation of the undersigned that the Court set the matter for a final hearing and accept Defendant's admission of guilt of the allegations set forth in violation 3, as charged in the Petition [ECF No. 32].

Although this Report and Recommendation is entered this 26th day of September, 2023, the undersigned announced the Recommendation on the record at the revocation hearing on September 25, 2023. Therefore, this Recommendation is effective as of that date.

The parties will have fourteen (14) calendar days from the date the Recommendation was announced (September 25, 2023) within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 26th day of September, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record